IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA, DIVISION

IN RE:

MAJUANNA WALKER,                                    CASE NO.: 8-11-bk-01238
                                                    Chapter 11
    Debtor.
_____/

## AMENDED PLAN OF REORGANIZATION

**COMES NOW** MAJUANNA WALKER (hereinafter referred to as the "Debtor") by and through her undersigned attorney and files her Amended Plan of Reorganization (hereinafter referred to as the "the Plan") and states as follows:

A.     **UNCLASSIFIED CLAIM(S):**

Certain types of claims are automatically entitled to specific treatment under the Code. The treatment of certain claims, such as administrative expense claims allowed under §503 of the Code, and priority tax claims, allowed under §507(a) (8) of the Code, is statutorily specified. These claims are not, therefore, placed into classes. In addition, they are not considered impaired, and holders of such claims do not vote on the Plan.

They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has not placed the following claims in any class:

    1.     <u>Administrative Expense Claims.</u> Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under §507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

Estimated administrative expenses are Forty Thousand ($35,000.00) in attorney and accounting fees and shall be paid, upon entry of an Order. The fees shall be paid as agreed to between the Debtors and their counsel. The cost of the Clerk of Court for notices and the United States Trustee's quarterly fees will be paid on or before the confirmation hearing.

    2.     <u>Priority Tax Claims.</u> Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8) of the Code. Unless the holder of such a §507(a) (8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding five (5) years from the order of relief. Their proposed treatment under the Plan:

1

        a)     11 U.S.C. Section 507(a)(8) - Taxes and Certain Other Debts Owed to Governmental Units:

        i.     <u>Internal Revenue Service:</u> This claimant shall be paid its allowed claim, in full within five (5) years after the date of the order for relief and in a manner not less favorable than the most favored non-priority unsecured claim provided for by the Plan. Pursuant to Section 1129(a) (9) (C) and (D), this claim must be paid no later than September 28, 2014, five (5) years after the date of the Order of relief (the "Petition Dater"). This claim will be paid with the statutory interest at the rate in effect at the time of confirmation. This claim will be paid in monthly installments commencing thirty (30) days from the entry of the confirmation order; and

        ii.     <u>Department of Revenue:</u> This claimant shall be paid their allowed claim, in full within six (6) years from the date of assessment shown on the proof of claim, plus interest, at the rate set forth in the Internal Revenue Code, Section 6601 and 6621, in equal monthly installments; and

        b)     11 U.S.C. Section 507(a) (3) – Wages, salaries and commissions:

        These claimants, if any, shall be paid their allowed claim at the statutory rate without interest within ninety (90) days of the entry of the confirmation order.

**B.**     **<u>TREATMENT OF CLAIM(S):</u>**

    1.     <u>Unimpaired:</u> The unclassified claims are unimpaired.

All classified claims that are not impaired under this Plan in accordance with Section 1124 of the Bankruptcy Code are as follows:

| None | |
|---|---|

    2.     <u>Impaired:</u> The treatment prescribed for claims in the Plan and the Disclosure Statement shall in all events refer exclusively to the allowed amount of each respective claim. In the event, the allowed amount of any claim is not determined by agreement or otherwise, prior to the effective date, then the treatment prescribed shall be deemed effective as of the date of the determination of the allowed amount of each claim by agreement or through the entry of a final order. Notwithstanding confirmation of the Plan, the Debtor shall have the right to object to any claim for any reason authorized by applicable bankruptcy and non-bankruptcy law as well as a right to assert that any claim includes amounts subject to equitable subordination or other equitable relief. The claims in following classes are impaired under the Plan:

| Class I | Secured - Tax Collector(s) & Tax Certificate Holders |
|---|---|
| Class II | Secured (The Bank of New York) 1st Mortgage 1016 Emerald Hill Way |

| Class III | Secured (BAC Home Loans) 2nd Mortgage 1016 Emerald Hill Way |
|---|---|
| Class IV | Secured (Ocwen Loan Servicing) 1st Mortgage 1301 W. Bates Street |
| Class V | Secured (Ocwen Loan Servicing) 2nd Mortgage 1301 W. Bates Street |
| Class VI | Secured (Bayview Loan Servicing) 1st Mortgage 1224 Emerald Hill Way |
| Class VII | Secured (Bayview Loan Servicing) 2nd Mortgage 1224 Emerald Hill Way |
| Class VIII | Secured (Wells Fargo Bank) 1309 Tennessee Street |
| Class IX | Secured (Chase Home Finance) 3804 N. Tampa Street |
| Class X | Secured (Gary Troyan) 0 Church Street |
| Class XI | Secured (Gary Troyan) 1301 Washington Street |
| Class XII | Secured (Gary Troyan) 1319 Church Street |
| Class XIII | Secured (American Home Mortgage Servicing, Inc.) 1st Mortgage 2010 E. Caracas Street |
| Class XIV | Secured (SRMOF) 2nd Mortgage 2010 E. Caracas Street |
| Class XV | Secured (Wilshire Credit Corp.) 3216 N. 44th Street |
| Class XVI | Secured (GTE Federal Credit Union) 2006 Dodge Charger |
| Class XVII | Secured (Capital One Auto Finance) 2006 Mercedes CLS |
| Class XVIII | Secured (W.S. Babcock Corporation) Furniture |
| Class XIX | Secured (Citi Ctb) Furniture |
| Class XX | General Unsecured |

3. <u>Impairment Controversies:</u> If a controversy arises as to whether any Claim, or any class of Claims, is impaired under the Plan, the Bankruptcy Court shall determine such controversy.

**C.   CLASSIFICATION OF CLAIMS AND PROVISIONS FOR THE PAYMENT OF CLAIMS:**

The creditors were divided into classes, depending on the nature of their respective interest, and the treatment to be afforded under the Plan. Classes and their intended treatment are set forth below:

1.   **Class 1:** Class I shall consist of the secured claim of the County Tax Collector(s), including any tax certificate holders. To the extent any tax certificate holders' claims are not duplicative of the debt owed to the tax collector, claimants in this Class shall be paid as follows:

| Claim | Claimant | Amount |
|---|---|---|
| 26 | Plymouth Park Tax Services, LLC (Tax Lien 2007-2009, 3216 N. 44th Street) | $7,589.52 |
| 15 | Doug Belden (Tax Year 2010, 3216 N. 44th Street) | $899.89 |

(a)   Any claim(s) for the real property surrendered shall run with the land and will not constitute a personal liability to the Debtors inasmuch as the property shall be surrendered; and

(b) Any claim(s) for the retained property shall be paid in full, plus statutory interest, at the rate in effect at the time of confirmation in sixty (60) equal monthly installments commencing thirty (30) days from the entry of the confirmation order.

These claimant(s) will retain their lien securing their claim(s), post-confirmation to the same extent, validity and priority as existed pre-petition. There is no pre-payment penalty for early payment.

### Class II
### Homestead – 1016 Emerald Hill Way

2. **Class II:** Class II shall consist of the secured claim of *Bank of New York*, who holds a security interest in the Debtor's homestead property located at 1016 Emerald Hill Way, Valrico, Florida, in the amount of $419,720.53 **(Claim #22)**.

Pursuant to the Loan Modification Agreement signed by the Debtor on July 2012, the Creditor shall have a secured unpaid principal balance in the amount of $230,525.00. $64,883.67 of the new principal balance shall be deferred and the Debtor will not pay interest or make monthly payments on this amount. The new principal balance, minus the deferred principal balance shall be referred to as the Interest Bearing Principal Balance and this amount is $165,641.33. Beginning August 1, 2012 and continuing thereafter until July 1, 2012, the Debtor shall make monthly principal, interest and escrow payments in the amount of $1,340.65. Beginning August 1, 2012 and continuing thereafter until July 1, 2018, the Debtor shall make monthly principal and interest payments in the amount of $789.26. Beginning August 1, 2018 and continuing thereafter, the Debtor shall make monthly principal and interest payments in the amount of $830.58.

The sum of $64,883.67 will remain unpaid at the time of the scheduled maturity date. This balance will not accrue interest at the Note rate.

The sum of $208,127.02 of the creditors combined principal balance of $438,652.02 is permanently forgiven and Debtor will no longer be responsible for repayment of such amount.

### Class III
### 1016 Emerald Hill Way

3. **Class III:** Class III shall consist of the second mortgage secured claim of *BAC Home Loans Servicing,* who holds a security interest in the Debtor's homestead property located at 1016 Emerald Hill Way, Valrico, Florida, in the amount of $95,774.07 **(Claim #12)**.

Pursuant to Approval letter dated October 3, 2012, the creditor has forgiven the remaining principal balance of $76,344.16 on the Home Equity Loan. The Debtor will no longer owe this amount, and the Creditor waives any outstanding fees and accrued interest.

### Class IV
### 1301 W. Bates Street

4.   **Class IV:** Class IV shall consist of the secured claim of *Ocwen Loan Servicing,* who holds a security interest in the Debtor's property located at 1301 W. Bates Street, Plant City, Florida, in the amount of $181,591.49 **(Claim #33)**.

Pursuant to the Agreed Order on the Debtor's Amended Motion to Value Security of Ocwen Loan Servicing, Doc. No. 224, the Creditor shall have an allowed secured claim in the amount of $65,000.00. The remaining balance of Creditor's claim of $116,591.49 shall be treated as unsecured, under Class XX.

The Creditor's secured amount of $65,000.00 shall be amortized over thirty (30) years at 5.25% interest per annum and the Debtor will pay to this creditor a monthly principal and interest payment of $358.93 reflecting the valued amount until the total allowed secured claim is paid in full. Said payments shall commence thirty (30) days from the entry of the confirmation Order. The Debtor shall be responsible for payment of all taxes and insurance. Should the case be dismissed or converted or fail to receive a discharge, the original lien shall remain in full force and effect.

### Class V
### 1301 W. Bates Street

5.   **Class V:** Class V shall consist of the second mortgage secured claim of *Ocwen Loan Servicing,* who holds a security interest in the Debtor's real property located at 1301 W. Bates Street, Plant City, Florida, in the amount of $26,514.00 **(Claim #39)**.

Pursuant to the hearing held on January 12, 2012, and the Courts ruling on the Debtor's Motion to Determine Secured Status of Ocwen Loan Servicing, LLC and to Strip Lien Effective Upon Discharge, Doc., No. 145, the Creditors secured claim of $26,514.00 shall be treated as unsecured in this Chapter 11 Case.

Proposed Order submitted on January 19, 2012, Tracking No.: HH19NYP1BG.

### Class VI
### 1224 Emerald Hill Way

6.   **Class VI:** Class VI shall consist of the secured claim of *Bayview Loan Servicing,* who holds a security interest in the Debtor's real property located at 1224 Emerald Hill Way, Valrico, Florida, in the amount of $364,397.70 **(Claim #35)**.

Pursuant to the Agreed Order Granting Motion to Value Security of Bayview Loan Servicing, LLC., Doc. No. 223, the Creditor shall be allowed a secured claim in the amount of $164,716.00. The remaining balance of Creditors Claim of $199,681.70 to be treated as unsecured.

The Creditor's terms for repayment shall remain the same as provided in the original note and mortgage, reaching on maturity on September 1, 2036. The Creditor claim shall be paid at a fix rate interest of 5.875% and the Debtor will make a monthly principal and interest payment in the amount of $1,089.42. Said payment shall commence thirty (30) days from the entry of the confirmation Order. The Debtor shall pay all taxes and insurance whether advanced by the Creditor or not and this Creditor shall retain its lien. Should the Debtor not receive a discharge, the Creditor's lien shall be restored to its pre-petition accrued status.

### Class VII
### 1224 Emerald Hill Way

7. **Class VII:** Class VII shall consist of the second mortgage secured claim of *Bayview Loan Servicing,* who holds a security interest in the Debtor's real property located at 1224 Emerald Hill Way, Valrico, Florida, in the amount of $33,000.00 **(Claim #37)**.

Pursuant to the hearing held on January 12, 2012, and the Courts ruling on the Debtor's Motion to Determine Secured Status of Bayview Loan Servicing and to Strip Lien Effective Upon Discharge, Doc., No. 144, the Creditors secured claim of $33,000.00 shall be treated as unsecured in this Chapter 11 Case.

Proposed Order submitted on January 19, 2012, Tracking No.: HH19NYP1BG.

### Class VIII
### 1309 Tennessee Street

8. **Class VIII:** Class VIII shall consist of the secured claim of *Wells Fargo Bank,* who holds a security interest in the Debtor's real property located at 1309 Tennessee Street, Plant City, Florida, in the amount of $176,704.00 **(Claim #9)**.

Pursuant to the Order on Amended Motion to Value Security of Wells Fargo Bank, N.A., Doc. No.186, the Creditor shall be allowed a secured claim in the amount of $157,500.00. The remainder of creditors claim of $19,204.00 shall be allowed as an claim, under Class XX. The interest rate to be paid on the secured portion of said claim shall be addressed in the context of the Debtor's Chapter 11 Plan without prejudice to Wells Fargo Bank, N.A. to object thereto, if appropriate.

The Creditor's secured amount of $157,500.00 shall be amortized over thirty (30) years at 5.25% interest per annum and the Debtor will pay to this creditor a monthly principal and interest payment of $869.72 reflecting the valued amount until the total allowed secured claim is paid in full. Said payments shall commence thirty (30) days from the entry of the confirmation Order.

### Class IX
### 3804 N. Tampa Street

9. **Class IX:** Class IX shall consist of the secured claim of *Chase Home Finance,* who holds a security interest in the Debtor's real property located at 3804 N. Tampa Street, Tampa,

Florida, in the amount of $231,686.10 **(Claim #40)**.

The Debtor filed a Motion to Surrender Real Property and Execute Deed in Lieu of Foreclosure to Creditor, JPMorgan Chase Bank, N.A., or in the Alternative Consents to Relief from the Stay for Creditor to Obtain an In Rem Judgment, (Doc. No. 303). A hearing on this Motion is scheduled for December 17, 2012 at 2:30 P.M.

Debtor and Creditor agree that the property should be surrendered and that the Creditor has relief from the stay to obtain an in rem judgment and not in personam and that any deficiency shall be treated as unsecured, under Class XX.

## Class X
### 0 Church Street (*vacant land*)

10. **Class X:** Class X shall consist of the secured claim of *Gary Troyan,* who holds a security interest in the Debtor's real property located at 0 Church Street, Plant City, Florida, in the amount of $15,588.08 **(Claim #32)**.

Pursuant to the hearing held on February 2, 2012, and the Court's ruling on the Debtor's Motion for Valuation of Security of Gary R. Troyan, Trustee, Doc. No. 143, the Creditor shall have a secured claim in the amount of $10,252.13 to be paid at a fixed rate interest of 5.5% and amortized over thirty (30) years. The remaining balance of Creditor's claim of $5,335.95 shall be treated at unsecured, under Class XX. The Debtor shall make equal monthly payments toward the secured claim in the amount of $58.21 (principal and interest). The Debtor shall be responsible for paying taxes and insurance.

Should the Debtor's case be dismissed or converted or the Debtor fail to receive a discharge, the original lien shall remain in full force and effect.

Proposed Order submitted on February 6, 2012, Tracking No.: K9AL9AE1YP.

## Class XI
### 1301 Washington Street (*vacant land*)

11. **Class XI:** Class XI shall consist of the secured claim of *Gary Troyan,* who holds a security interest in the Debtor's real property located at 1301 Washington Street, Plant City, Florida, in the amount of $61,251.31 **(Claim #31)**.

Pursuant to the hearing held on February 2, 2012, and the Court's ruling on the Debtor's Motion for Valuation of Security of Gary R. Troyan, Trustee, Doc. No. 142, the Creditor shall have a secured claim in the amount of $27,342.18 to be paid at a fixed rate interest of 5.5% and amortized over thirty (30) years. The remaining balance of Creditor's claim of $33,909.13 shall be treated at unsecured, under Class XX. The Debtor shall make equal monthly payments toward the secured claim in the amount of $155.25 (principal and interest). The Debtor shall be responsible for paying taxes and insurance.

Should the Debtor's case be dismissed or converted or the Debtor fail to receive a discharge, the original lien shall remain in full force and effect.

Proposed Order submitted on February 6, 2012, Tracking No.: K9AL9AE1YP.

## Class XII
### 1319 Church Street (*vacant land*)

12. **Class XII:** Class XII shall consist of the second mortgage secured claim of *Gary Troyan,* who holds a security interest in the Debtor's real property located at 1319 Church Street, Plant City, Florida, in the amount of $20,043.37 **(Claim #30)**.

Pursuant to the hearing held on February 2, 2012, and the Court's ruling on the Debtor's Motion for Valuation of Security of Gary R. Troyan, Trustee, Doc. No. 141, the Creditor shall have a secured claim in the amount of $10,709.47 to be paid at a fixed rate interest of 5.5% and amortized over thirty (30) years. The remaining balance of Creditor's claim of $4,878.61 shall be treated at unsecured, under Class XX. The Debtor shall make equal monthly payments toward the secured claim in the amount of $60.81 (principal and interest). The Debtor shall be responsible for paying taxes and insurance.

Should the Debtor's case be dismissed or converted or the Debtor fail to receive a discharge, the original lien shall remain in full force and effect.

Proposed Order submitted on February 6, 2012, Tracking No.: K9AL9AE1YP.

## Class XIII
### 2010 E. Caracas Street

13. **Class XIII:** Class XIII shall consist of the secured claim of *American Home Mortgage Servicing, Inc.,* who holds a security interest in the Debtor's real property located at 2010 E. Caracas Street, Tampa, Florida, in the amount of $157,327.58 **(Claim #4)**.

Pursuant to the Order Granting in Part and Denying in Part Motion to Surrender Real Property; Execute Deed in Lieu of Foreclosure in Total Satisfaction of Creditors, American Home Mortgage Servicing, Inc. and SRMOF 2009-1 Trust's Claim and Waive its Deficiency, (Doc. No. 150), the property will be surrendered in total satisfaction of Creditor, American Home Mortgage Servicing, Inc.'s claim and any deficiency balance will be treated as unsecured, under Class XX.

On December 8, 2011, Creditor, American Home Mortgage Servicing, Inc, were granted relief from the automatic stay to permit movant to prosecute a mortgage foreclosure action, (Doc. No. 216).

### Class XIV
### 2010 E. Caracas Street

14. **Class XIV:** Class XIV shall consist of the second mortgage secured claim of *SRMOF 2009-1 Trust,* who holds a security interest in the Debtor's real property located at 2010 E. Caracas Street, Tampa, Florida, in the amount of $22,534.84 **(Claim #23)**.

Pursuant to the Order Granting Amended Motion to Surrender Real Property; Execute Deed in Lieu of Foreclosure in Total Satisfaction of Creditors, SRMOF 2009-1 Trust's Claim and Waive its Deficiency, (Doc. No. 222), the Debtor may execute a deed in lieu of foreclosure, which includes non-merger and reservation of rights provisions. The Debtor may offer such deed to the Creditor to accept the deed, but the failure to accept may be used as evidence to support a claim of waiver of the lien.

### Class XV
### 3216 N. 44th Street

15. **Class XV:** Class XV shall consist of the secured claim of *Wilshire Credit Corp. (Main Street Fund III, LLC),* who holds a security interest in the Debtor's real property located at 3216 N. 44th Street, Tampa, Florida. This Creditor has not filed a claim.

The Debtor filed an Amended Motion to Surrender Real Property; Execute Deed in Lieu of Foreclosure in Total Satisfaction of Creditors, Wilshire Credit Corp, Assignee to BAC Home Loan Servicing, LP, assignee to Home Servicing, LLC's Claim and Waive its Deficiency, Doc. No. 244.

Debtor proposes that the property be surrendered and that the Creditor have relief from the stay to obtain an in rem judgment and not in personam and that any deficiency shall be treated as unsecured, under Class XX.

### Class XVI
### Automobile - 2006 Dodge Charger

16. **Class XVI:** Class XVI shall consist of the secured claim of *GTE Federal Credit Union,* who holds a security interest on the 2006 Dodge Charger, in the amount of $12,769.83 **(Claim #24)**.

The Debtor has consented to the Creditors Motion for Relief from Stay (Doc. No. 66), (Doc. No. 92) filed herein on May 16, 2011. Automatic Stay is only lifted to allow Creditor to obtain possession of the collateral and seek an *in-rem* judgment against the property.

### Class XVII
### Automobile - 2006 Mercedes CLS

17. **Class XVII:** Class XVII shall consist of the secured claim of *Capital One Auto Finance*, who holds a security interest on the 2006 Mercedes CLS, in the amount of $27,097.40

**(Claim #27)**.

The Debtor filed a Motion to Surrender Vehicle to Creditor, Capital One Auto Finance (Doc. No. 302). The Debtor is requesting that any deficiency balance from the sale of the 2006 Mercedes CLS be waived.

## Class XVIII
### Automobile - 2001 Mazda 626

18. **Class XVIII:** Class XVIII shall consist of the secured claim of Sunbelt Credit dba Sunbelt Credit Corporation of Florida, who holds a security interest on the 2001 Mazda 626, in the amount of $668.84, **(Claim #36)**.

Pursuant to the Order Sustaining Objection to Claim No. 36, the Creditor's claim, Claim No. 36 shall be treated as unsecured in this Chapter 11 Bankruptcy.

This Creditor shall receive a pro rata share of its claim, pursuant to Class XX.

## Class XIX
### Furniture

19. **Class XVIII:** Class XVIII shall consist of the secured claim of *W.S. Babcock Corporation*, who holds a security interest in the furniture purchased by the Debtor to furnish her homestead property, in the amount of $7,014.03 (**Claim #3**).

The secured amount allowed shall be paid without interest over sixty (60) months, and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full. Said payments shall commence thirty (30) days from the entry of the Confirmation Order.

## Class XX
### General Unsecured Creditors

20. **Class XX:** Class XX shall consist of the *general unsecured* claims. Creditors in this class shall be paid fifteen percent (15%) of their claim without interest in sixty (60) equal monthly installments commencing thirty (30) days from the entry of the confirmation order. The source of the funds for payment of this class shall be the revenue derived from the continued operation of the Debtor's financial affairs.

Promissory Notes will be issued to each creditor in this Class with allowed claims to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction. (See Exhibit "C" to the Disclosure Statement).

### RETENTION OF JURISDICTION

Until the case is closed the Court shall retain jurisdiction to insure that the purpose and

intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

a. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

b. The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

c. The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

d. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

e. The enforcement and interpretation of the terms and conditions of this Plan;

f. The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary;

g. The entry of an order concluding and terminating this case.

**DATED** on this 31st day of October, 2012.

_____
MAJUANNA WALKER-Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on  October 31 , 2012, a true and correct copy of the foregoing Amended Chapter 11 Plan of Reorganization has been furnished by **electronic mail to**:

Antonio Alonso on behalf of Creditor Chase Home Finance LLC...
antonio.alonso@marshallwatson.com; jairo.garcia@marshallwatson.com; BKMailFromCourt@MarshallWatson.com

Jacqueline J Brown on behalf of Creditor American Home Mortgage Servicing, Inc.
jbrown@ffapllc.com; dgoulet@ffapllc.com

Elizabeth A Cleveland on behalf of Creditor W.S. Badcock Corporation
amanda.whaley@badcock.com; sharon.waters@badcock.com; debbie.richey@badcock.com

Kevin Alan Comer on behalf of Creditor BayView Loan Services, LLC
bkfiling@consuegralaw.com

Richard M Dauval on behalf of Creditor BAC Home Loans Servicing, LP, c/o Prober & Raphael, A Law Corporation
data@leavenlaw.com; rdauval@leavenlaw.com; rsingleton@leavenlaw.com; eriber@leavenlaw.com; leavenlaw@gmail.com

Joshua D Donnelly on behalf of Creditor The Bank of New York Mellon
bkfiling@consuegralaw.com

Michael J Eisler on behalf of Creditor Wells Fargo Bank
igarat@strauseisler.com

Brian T FitzGerald on behalf of Creditor Doug Belden
fitzgeraldb@hillsboroughcounty.org; litigation@hillstax.org; connorsa@hillsboroughcounty.org; jacksonDa@hillsboroughcounty.org

Taji S. Foreman on behalf of Creditor Bank of America, National Association
Tforeman@erwlaw.com; BankruptcyECF@erwlaw.com

Jerrold J. Golson on behalf of Creditor American Home Mortgage Servicing, Inc.
jgolson@ffapllc.com; rjohansen@ffapllc.com; gdeangelo@ffapllc.com; thefflinger@ffapllc.com

Chad D Heckman on behalf of Creditor GTE Federal Credit Union
chad@thrasherandheckman.com

Benjamin E. Lambers on behalf of U.S. Trustee United States Trustee - TPA
Ben.E.Lambers@usdoj.gov

Miriam L. Sumpter Richard on behalf of Debtor Majuanna Walker
miriam@freshstartlawfirm.com; terri@freshstartlawfirm.com

Traci K. Stevenson on behalf of Mediator Traci Stevenson
tstevenson@tampabay.rr.com; FL86@ecfcbis.com

Allison D Thompson on behalf of Creditor BayView Loan Services, LLC
bkfiling@consuegralaw.com

Steve Dinh Tran on behalf of Creditor BayView Loan Services, LLC
bkfiling@consuegralaw.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Scott R Weiss on behalf of Creditor JPMorgan Chase Bank NA
scott.weiss@marshallwatson.com; Jairo.Garcia@marshallwatson.com; BKMailFromCourt@MarshallWatson.com

**8:11-bk-01238-CPM Notice will not be electronically mailed to:**

Capital One Auto Finance
c/o Ascension Capital Group
P.O. Box 201347
Arlington, Tx 76006

German American Capital Corporation
8902 North Dale Mabry Hwy
Suite 200
Tampa, FL 33614

Gerry Acevedo
Acevedo & Company
1383 Oakfield Drive
Brandon, Florida 33511

Plymouth Park Tax Services LLC
115 S. Jefferson Rd
Bldg D-1
Whippany, NJ 07981

Reliable Appraisal Services, Inc.
Georgina Moreno
1038 W Hillsborough Avenue
Tampa, FL 33603

Gary R Troyan, Trustee
736 Island Way #704
Clearwater Beach, FL 33767

And all creditors having filed a claim.

                              **FRESH START LAW FIRM, P.A.**

                                  /s/ Miriam L. Sumpter-Richard
**MIRIAM L. SUMPTER-RICHARD, ESQUIRE**
FRESH START LAW FIRM, P.A.
505 E. Jackson Street, Suite 303
Tampa, Florida 33602
Telephone: (813) 387-7724
Facsimile: (813) 387-7727
Email: Miriam@freshstartlawfirm.com
Florida Bar No. 656811
*Attorney for Debtor in Possession*